People v Sydlosky (2020 NY Slip Op 01859)





People v Sydlosky


2020 NY Slip Op 01859


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

109799

[*1]The People of the State of New York, Respondent,
v
Matthew Sydlosky, Appellant.

Calendar Date: February 21, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Colangelo, JJ.


Del Atwell, East Hampton, for appellant.
Joseph G. Fazzary, District Attorney, Watkins Glen (John C. Tunney of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Schuyler County (Morris, J.), rendered August 24, 2017, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to attempted burglary in the second degree. Under the terms of the plea agreement, he was to serve one year of interim probation and, upon successful completion, he would be permitted to withdraw his guilty plea and plead guilty to the lesser crime of criminal trespass, for which he would be sentenced to two years of probation. If he failed to successfully complete the period of interim probation, his original guilty plea would stand and he would be sentenced to five years of probation. Defendant subsequently admitted to violating the terms of interim probation, and he was sentenced on his original plea to five years of probation. He appeals.
Initially, defendant contends that his guilty plea was not knowing, voluntary and intelligent because he suffers from mental health problems. This claim, however, has not been preserved for our review as the record does not reflect that defendant made an appropriate postallocution motion to withdraw his plea despite having an opportunity to do so before sentencing (see People v McClain, 165 AD3d 1345, 1346 [2018]; People v Blackburn, 164 AD3d 960, 961 [2018]). Moreover, the narrow exception to the preservation requirement is inapplicable as defendant did not make any statements during the plea allocution or at sentencing that cast doubt upon his guilt or called into question the voluntariness of his plea (see People v Gumbs, 169 AD3d 1119, 1119 [2019], lv denied 33 NY3d 1105 [2019]; People v McClain, 165 AD3d at 1346). Likewise, defendant's related claim of ineffective assistance of counsel, to the extent that it impacted the voluntariness of his plea, is also unpreserved (see People v Reap, 163 AD3d 1287, 1289 [2018], lv denied 32 NY3d 1128 [2018]; People v Madison, 104 AD3d 1025, 1025 [2013]). Insofar as defendant asserts that counsel was also ineffective in failing to negotiate an alternative sentence, his claim is foreclosed by his guilty plea (see People v Elder, 173 AD3d 1344, 1346 [2019], lv denied 34 NY3d 930 [2019]; People v McCargo, 170 AD3d 1377, 1378 [2019]). Lastly, we have considered defendant's challenge to the sentence and find it to be unavailing.
Egan Jr., J.P., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.